IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


WILLIE JEROME MANNING                                                    PETITIONER

vs.                                                    CIVIL ACTION NO.: 1:05CV256-WAP

CHRISTOPHER EPPS, ET AL.                                                RESPONDENTS


**ORDER**

Presently before the Court is Respondents' "Motion for Summary Judgment, or in the Alternative, Motion to Dismiss for Failure to File a Petition for Writ of Habeas in Compliance with 28 U.S.C. § 2244(d) and Incorporated Memorandum of Law" ("Summary Judgment Motion")[docket entry no. 7], and Petitioner's "Motion to Produce State Court Record" [docket entry no. 14]. Respondents assert Petitioner's federal habeas petition, filed October 13, 2005, is untimely under the governing law; therefore, summary judgment and dismissal of the petition is appropriate. Petitioner contends that his Petition is timely, subject to the statutory postponing provisions of 28 U.S.C. § 2244(d)(1)(B) and/or (D), or otherwise properly considered pursuant to the equitable tolling doctrine. After carefully considering the argument of both parties, the Court determines that the Summary Judgment Motion should be **DENIED** and the Motion to Produce State Court Record be **GRANTED**, for the reasons set forth below.

Generally, summary judgment is appropriate when there exists no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). However, the Federal Rules of Civil Procedure are applicable in habeas corpus only to the extent

1

that they are consistent with habeas practice and rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds*, *Tennard v. Dretke*, 542 U.S. 274, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004); *see also* Rule 11 of the Rules Governing Section 2254 Cases. In this case, Petitioner's conviction and death sentence for the murder of two Mississippi State University students became final on direct appeal on April 5, 1999, following the denial of certiorari by the United States Supreme Court. In order to comply with the statute of limitations under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the law governing this case, Petitioner must have filed his claim by April 5, 2000, in order for it to be considered timely absent any applicable tolling periods. *See* 28 U.S.C. § 2244(d)(1). Petitioner filed his federal habeas petition October 13, 2005, before the state post-conviction review process was complete. As any applicable limitation period is tolled during the pendency of a state post-conviction application, the inquiry for this Court is whether Petitioner's state post-conviction application was filed in a manner that would prevent his federal habeas petition from being time-barred. *See* 28 U.S.C. § 2244(d)(2).

> The portions of § 2244(d)(1) relevant to the timeliness inquiry are as follows:
>
> A 1-year period of limitation ....shall run from the latest of
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>                              \*\*\*
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Notwithstanding these statutory provisions, the limitations period may also be equitably tolled in rare and exceptional circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

2

Whether equitable tolling is appropriate is a fact-specific inquiry that is decided on a case-by-case basis, and the burden of proving that equitable tolling is appropriate is placed upon the party seeking it. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Normally, for equitable tolling to be appropriate, a petitioner must have been "actively misled by the defendant" or "prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Equitable tolling is not justified by "mere attorney error or neglect." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

In this case, Respondents argue that the one-year limitations period had already run at the time Petitioner's state post-conviction application was filed on October 8, 2001; therefore, the federal habeas petition is untimely. Petitioner asserts his petition is timely, subject to the limitation postponing provisions of § 2244(d)(1)(B) and/or (D), or, alternatively, that he is entitled to equitable tolling.

The Court finds the instant petition time-barred. The Court rejects Petitioner's argument that the statutory provisions postponing the filing deadline are applicable. On post-conviction review, the Mississippi Supreme Court considered Petitioner's claims of suppression of exculpatory evidence and perjured testimony and denied post-conviction relief. *See Manning v. State*, 929 So.2d 885, 906 (Miss. 2006). The Mississippi Supreme Court considered Petitioner's claims without reference to any statute of limitations, but as relief was denied on the claims Petitioner now seeks to use to establish the applicability of the statutory postponing provisions of the AEDPA, Petitioner must rebut the court's findings on those issues by clear and convincing evidence. Petitioner fails to do so, and this Court determines Petitioner is not entitled to the

3

statutory postponing provisions of the AEDPA.

Although Petitioner has failed to timely file his federal habeas petition, the Court considers whether equitable tolling is appropriate. A review of the arguments, affidavits, and exhibits in this case suggests Petitioner was effectively prevented from filing an application for state post-conviction relief within one year of the date his conviction became final on direct review due to the mishandling of his case in State court. The following recitation of events is illustrative of this. On April 15, 1999, the Mississippi Supreme Court remanded Petitioner's case to the Circuit Court of Oktibbeha County for counsel to be appointed to assist Petitioner in state post-conviction proceedings. (Ex. 2 to Pet. Response). Petitioner was appointed counsel on May 6, 1999. Petitioner's first court-appointed attorney failed to file pleadings as ordered and moved to withdraw based on his lack of qualifications. (Ex. 2, 3, 5, 6, & 7 to Pet. Response). On January 11, 2000, the Mississippi Supreme Court suspended the deadline for filing post-conviction relief until the issue of counsel could be resolved. (Ex. 9 to Pet. Response). The Circuit Court of Oktibbeha County appointed Petitioner new representation on January 11, 2000, and this second court-appointed attorney subsequently moved to withdraw on April 14, 2000, based on his lack of qualifications. (Ex. 12 to Pet. Response). On June 21, 2000, the pleadings deadline was again suspended until the Circuit Court could address the matter. (Ex. 17 to Pet. Response). On November 17, 2000, the withdrawal motion of Petitioner's second court-appointed attorney was granted, and the Office of Capital Post-Conviction Counsel ("Office") was appointed to represent Petitioner. (Ex. 18 to Pet. Response). The Office was never served a copy of the order, and the order itself was misfiled. (Ex. 20, 21, 22 to Pet. Response). It was not until March 29, 2001, while at a hearing on Petitioner's unrelated case where the Office was

appointed counsel, that counsel learned of their appointment in this case. On October 8, 2001, counsel filed a petition for state post-conviction relief and a motion *nunc pro tunc*, asking the court to accept the post-conviction filing effective April 1, 2000, in order to comply with the federal statute of limitations. (Ex. 27 to Pet. Response). The motion was granted in part and denied in part by the Mississippi Supreme Court. (Ex. 28 to Pet. Response). Petitioner then filed his federal habeas petition while his state post-conviction application was still pending.

Ignorance of the law, even in the case of a *pro se* petitioner, generally does not warrant equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Therefore, Respondents argue, counsel's failure does not warrant equitable tolling of the limitations period. Moreover, it is asserted that counsel's failure to intervene on Petitioner's behalf cannot justify the application of the equitable tolling doctrine in this case, as there is no constitutional right to counsel on state post-conviction or federal habeas review. *See Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Respondents assert that Petitioner cannot sustain his burden of proving rare and exceptional circumstances on these facts.

Equitable tolling requires the diligent pursuit of one's rights. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). This Court determines that November 17, 2000, the date on which Petitioner's second court-appointed attorney was allowed to withdraw and current counsel appointed, marks the earliest date Petitioner could fairly begin the state post-conviction review process. Petitioner's state post-conviction application was filed within one year of that date and considered by the Mississippi Supreme Court, thereby persuading this Court Petitioner was diligent in his efforts to protect his rights.

While there is no constitutional right to counsel on state post-conviction or federal habeas

review, there is a justified expectation that the State will follow-through on its promise to appoint qualified, competent counsel. In this case, the Mississippi Supreme Court twice suspended the filing deadline for Petitioner's post-conviction application due to the inaction of the judicial system and appointed counsel. It would be unfair to now state that Petitioner should not have relied upon that suspension. Unlike a *pro se* petitioner who missed a filing deadline through inaction or ignorance of the law, Petitioner had appointed counsel who had been ordered to file post-conviction pleadings on his behalf. To argue Petitioner should have earlier filed a *pro se* petition despite having the promise of appointed counsel, the suspension of filing deadlines, and an unserved and misfiled court order is unreasonable and belies the "unique circumstance of incarceration" that demands equitable tolling in this case. *See McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993). Therefore, the Court finds equitable tolling is warranted and **DENIES** Respondents' Summary Judgment Motion.

This Court finds that the instant Petition should proceed to disposition. Therefore, Petitioner's Motion to Produce State Court Record is **GRANTED**. Respondents shall submit all relevant trial, motion, and hearing transcripts held during Petitioner's capital trial and post-conviction proceedings in this matter, on or before April 26, 2007.

**SO ORDERED** this the 27th day of December, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE