IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WILLIE JEROME MANNING                                              PETITIONER

V.                                              CIVIL ACTION NO.: 1:05CV256-WAP

CHRISTOPHER EPPS, ET AL.                                      RESPONDENTS

## ORDER PARTIALLY GRANTING DISCOVERY REQUESTS

Petitioner is an inmate at Parchman Penitentiary who has been sentenced to death for the December 11, 1992, murders of two Mississippi State University students. Presently before the Court is Petitioner's motion seeking leave to invoke discovery.[1] Attached as Exhibit A to his Motion are Petitioner's "Proposed Requests for Production." Petitioner requests Respondents produce documents and/or evidence relating to four broad categories of requests, namely: (1) documents relevant to the credibility of witnesses; (2) documents relevant to Petitioner's alibi defense; (3) documents relevant to the sentencing phase of Petitioner's trial; and (4) the production of physical evidence. (See Ex. A). Respondents have filed no objection or response to the Motion. Upon due consideration, the Court finds the Motion should be granted in part and denied in part

Rule 6(a) of the Rules Governing § 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." The "good cause" requirement disallows the grant of discovery requests as a matter of course. *See Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 1796-

---

[1] Docket entry no. 12, "Petitioner's Motion for Leave to Invoke Discovery and Combined Memorandum of Authorities in Support" [hereinafter "Motion"].

97, 138 L.Ed.2d 97 (1997). Good cause is generally met when Petitioner presents the Court with a *prima facie* case for relief. *See Hill v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000); *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994)("A federal habeas court must allow discovery . . . only where a factual dispute, if resolved in [Petitioner's] favor, would entitle him to relief.").

Petitioner's discovery requests relate to several distinct claims in his petition, but for purposes of the instant Motion, those claims may be grouped as claims involving the State's false presentation of evidence, the State's failure to disclose exculpatory evidence, and the ineffective assistance of counsel. In order to determine whether Petitioner is entitled to conduct the requested discovery, this Court must first identify the essential elements of his claims. *See Bracy*, 520 U.S. at 904, 117 S.Ct. at 1797.

First, a claim that the State gave a "false impression" of evidence requires a petitioner to demonstrate that the State knowingly presented or failed to correct materially false testimony during trial. *See Giglio v. United States*, 405 U.S. at 153-54, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); *see also Kutzer v. Johnson*, 242 F.3d 605, 609 (5th Cir. 2001)(not sufficient that the testimony merely be challenged or be inconsistent with prior statements). In order to obtain discovery on his claims involving the false presentation of evidence, Petitioner must come forward with proof that if the facts were developed with regard to his claims on this issue, he would be entitled to relief.

Second, a claim that the State failed to disclose exculpatory evidence (a *Brady* claim) requires a three-prong showing. "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 1948, 144 L.Ed.2d 286 (1999). Suppression of

evidence favorable to a defendant is a violation of due process regardless of the prosecution's intent. *See Banks v. Dretke*, 540 U.S. 668, 691, 124 S.Ct. 1256, 1272, 157 L.Ed.2d 1166 (2004). This also applies to impeachment evidence. *See Kyles v. Whitley*, 514 U.S. 419, 433, 115 S.Ct. 1555, 1565, 131 L.Ed.2d 490 (1995). Evidence is considered "material" where a reasonable probability exists that if the evidence had been disclosed, the result of the trial would have been different. *See Banks*, 540 U.S. at 698-99, 124 S.Ct. at 1276. Such reasonable probability is shown when the suppression of evidence undermines confidence in the outcome of the proceedings. *See Kyles*, 514 U.S. at 434, 115 S.Ct. at 1566. Materiality is not a sufficiency of the evidence test, and it is assessed collectively. *Id.* at 434-35. However, "good cause" requires more than mere speculation exculpatory evidence may have been withheld. *See Strickler*, 527 U.S. at 286, 119 S.Ct. at 1950-51. Therefore, in order to obtain discovery on his *Brady* claims, Petitioner must demonstrate that he could prove a *Brady* violation and be entitled to relief if the facts were fully developed through the sought discovery.

Finally, in order to demonstrate counsel has been ineffective, Petitioner must demonstrate that there was deficient performance by counsel so egregious that his attorney was not functioning as "counsel" guaranteed by the Sixth Amendment, and that this deficient performance deprived Petitioner of a fair trial with a reliable result. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). As with the other claims, Petitioner must demonstrate he could prove that a *Strickland* error occurred that would entitle him to relief if he were able to fully develop the facts through discovery.

A.  Credibility of Witnesses Hathorn, Jordan, and Parker

Petitioner argues the State failed to disclose evidence relevant to the credibility of witness Hathorn, and that there was a "false impression" created by the State that Hathorn received no

3

compensation for testifying against him. (Motion. 5). Similarly, Petitioner argues that "[t]here is good reason to believe that Earl Jordan and Frank Parker were given or offered some form of consideration in exchange for their testimony against Petitioner," and that discovery should be allowed, requiring the State to produce documents relevant to any agreements with them. (Motion 6-7). The Mississippi Supreme Court, upon review of the record transcript, determined that Jordan "was thoroughly cross-examined and there was other evidence before the jury that Jordan was hoping for a favorable deal in exchange for his testimony." *Manning v. State*, 929 So.2d at 902. The court further found that Parker was similarly cross-examined about the fact "that criminal charges against him in Texas were dropped after he came forward with information in Manning's case." *Id*. The court likewise found that "[a]lthough Paula Hathorn's status as an informant who received consideration for her testimony is relevant, Manning has failed to prove that the State suppressed such evidence either wilfully or inadvertently and that prejudice ensued." *Id.* at 893.

Petitioner has failed to persuade the Court that he would be able to prove a *Brady* or *Giglio* violation were discovery to be granted but nonetheless partially grants Petitioner's discovery requests, as the Court is persuaded Petitioner has shown good cause sufficient to allow discovery on this issue with regard to his ineffective assistance of counsel claim. The requests with regard to these witnesses should be limited, however, to information relevant to charges pending against these individuals at or near the time of Petitioner's trial, the final disposition of those charges, and/or any other compensation each may have received as a result of their cooperation.

B. Witnesses and Alibi Defense

Petitioner argues his counsel was ineffective for failing to investigate his alibi defense,

4

and that a review of previous discovery indicates the State may have relevant information regarding witnesses who would be able to provide relevant information as to Petitioner's alibi on the night of the murders. (Motion 8). Petitioner argues it is a violation of *Brady* for the State to have failed to disclose that all persons known to have been at the 2500 Club the night of the murders were to be re-interviewed. (Motion 8-9). The Mississippi Supreme Court found that Petitioner failed to meet his burden of demonstrating "counsel's performance was deficient where counsel produced several witnesses placing Manning at a nightclub on the night of the murder." *Id.* at 904. The Court finds, however, that Petitioner should be allowed a review of the evidence not presented by counsel in order to determine whether a *Strickland* error exists. The possible existence of credible witnesses, combined with the suggestion that all witnesses were to be re-interviewed, is sufficient for this Court to find that Petitioner should be granted discovery on this issue. One of counsel's duties is to make reasonable investigations. *See Strickland*, 466 U.S. at 691.

C.     Fingerprint Evidence & Other Physical Evidence

Petitioner asserts that numerous latent prints were taken from Tiffany Miller's vehicle that were not matched to any prints on file. (Motion 10). Petitioner contends that numerous items of evidence were either not tested or that the tests yielded inconclusive results, such that he should be provided the file and all corresponding documents from the Crime Lab to determine if additional testing should be conducted. (Motion 11-12). Petitioner acknowledges that he has reviewed the file from the Crime Lab, and the Court determines that this request for additional perusal fails to meet the good cause standard. (Motion 12). The Court notes that Petitioner has failed to demonstrate "good cause" for these items as they relate to his *Brady* and *Giglio* claims. However, the Court determines that the physical evidence in this case should be provided to

5

Petitioner for inspection, as it is impossible to determine whether trial counsel made an adequate investigation and presentation of evidence without reviewing the evidence that was available at the time of trial.

D.  Mitigating Evidence

Petitioner asserts that he should be allowed to subpoena his and his family's Department of Human Services' ["DHS"] records. (Motion 14-16). He also argues that he should be allowed to serve discovery on the State for the documents pertaining to Dr. Oswald Rendon-Herrero, a Mississippi State University professor, who knew Petitioner and was willing to cooperate with defense counsel. (Motion 16, Pet. 56). Petitioner contends these documents and records might contain evidence relevant to the availability of mitigating evidence in Petitioner's case. The Court determines that, given the privileged nature of DHS records, Petitioner is best suited to request the release of his own records. Likewise, his family members may request the release of their own records if they choose to do so. Additionally, nothing prevents counsel from interviewing Dr. Oswald Rendon-Herrero to determine whether he possesses relevant information. For discovery purposes, however, Petitioner's requests with regard to potential mitigating evidence fail to meet the good cause standard and are denied.

The Court is aware of the burden a Petitioner bears in attempting to establish "good cause" for the grant of discovery without knowing exactly what the production of the requested discovery will yield. Therefore, on the allegations submitted to the Court in Petitioner's unopposed Motion, the Court determines Petitioner has demonstrated good cause sufficient to permit discovery with regard to certain items and/or documents as they relate to his claim of ineffective assistance of counsel, and the following requests are **GRANTED**:

1.  All files, documents, letters, recordings, and any other material pertaining to Paul Hathorn, Earl Jordan, and Frank Parker, concerning any charges pending against them at

6

or near the time of Petitioner's trial, the final disposition of those charges, and any and all compensation received by these individuals as a result of their cooperation and/or testimony, that are in the custody, care, and control of the Oktibbeha Sheriff's Department, the Starkville Police Department, the Lowndes County Sheriff's Department, the Columbus City Police Department, and the Office of the District Attorney for the 16th District. (Requests 2, 3, & 4, modified).

2. All documents, statements, memos, notes, recordings and any other material pertaining to witnesses who may have had discoverable knowledge relevant to Petitioner's alibi defense. This includes witnesses who were interviewed by the prosecution, or considered for interviews, on grounds that they were thought to have information relevant to Petitioner's claim that he was present at the 2500 Club in Starkville, Mississippi, on the night when the abductions and murders in this case are thought to have occurred. (Request 8).

3. All physical evidence obtained in the investigation of the murders of Jon Steckler and Tiffany Miller, including but not limited to fingerprint, blood, hair, and fiber. (Request 9 &10).

4. All physical evidence in the possession or control of the Mississippi Crime Lab which was obtained in the investigation of the murders of Jon Steckler and Tiffany Miller. (Request 11).

All other proposed requests are **DENIED**. Therefore, Petitioner's motion for leave to invoke discovery is **GRANTED in part and DENIED in part**.

    **SO ORDERED** this the 9th day of April, 2007.

                                              /s/ W. Allen Pepper, Jr.
                                              W. ALLEN PEPPER, JR.
                                              UNITED STATES DISTRICT JUDGE