IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**WILLIE JEROME MANNING**   **PETITIONER**

**V.**   **CIVIL ACTION NO.: 1:05CV256-WAP**

**CHRISTOPHER EPPS, ET AL.**   **RESPONDENTS**

## ORDER DENYING MOTION TO ALTER/AMEND JUDGMENT

Presently before the Court is Petitioner's motion to alter or amend the judgment entered in this cause pursuant to Fed. R. Civ. P. 59.[1] The purpose of a Rule 59(e) motion is not to relitigate arguments or persuade a rehearing on the merits, but to call into question a judgment's correctness. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). A judgment may be amended under the rule when there exists a need to: (1) correct a clear error or prevent manifest injustice; (2) present previously undiscoverable evidence; or (3) reflect an intervening change in controlling law. *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *see also* 11 Wright, Miller & Kane, *Federal Practice & Procedure: Civil* 2d § 2810.1, p. 125-27 (1995). While it is "an extraordinary remedy that should be used sparingly," courts have a great deal of discretion in whether to grant or deny a Rule 59 motion. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004); *see also Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n. 14 (5th Cir. 1994).

---

[1] Docket entry no. 85.

In a lengthy opinion and order issued December 29, 2009, this Court denied petitioner's petition for writ of habeas corpus but granted him a Certificate of Appealability as to two claims raised in the petition. *Manning v. Epps*, 2009 WL 5216055 (N.D. Miss, December 29, 2009). In the instant motion, Petitioner maintains that "[r]elief should be granted as to every claim raised in the Petition," and that, alternatively, "the Court should issue a COA with respect to all of Petitioner's claims, not merely the claims identified in the order dated December 29, 2009." Petitioner makes a specific argument as to seven issues addressed in the Court's opinion dismissing the petition, one of which is that the Court's judgment should be vacated as it relates to his claim of racial discrimination in jury selection in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986).

Petitioner argues that this Court made erroneous juror comparisons, failed to consider that the lack of accuracy in the prosecutor's stated reasons is indicative of racial animus, erroneously supplied speculative reasons for the strikes, and erroneously gave deference to the trial court in the absence of specific factual determinations as to each juror. In determining whether Petitioner has shown purposeful discrimination, "all relevant circumstances" may be considered. *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Batson*, 476 U.S. at 96-97). The Court first notes that Petitioner is correct that some of the reasons stated for the prosecutor's exercise of challenge against blacks equally applied to white venire members who were not struck. Where the reason proffered by the prosecution applies just as well to a venire member of a different race who was not struck, it is evidence of purposeful discrimination to be considered. *See Miller-El*, 545 U.S. at 241. Such evidence is not conclusive of the issue, however. The Court notes that there is no evidence in this case of a jury shuffle, that blacks were disproportionately singled-out for voir

dire questioning, or that the District Attorney had adopted a formal policy to exclude minorities from jury service. *See, e.g., id.* at 253-56.

The United States Supreme Court has held that when a proffered reason doesn't hold up, it's pretextual significance does not fade because a trial court, or an appeals court, can imagine a reason that might not have been shown up as false. *Miller-El, Dretke*, 545 U.S. at 252. Petitioner maintains this Court engaged in improper speculation with respect to jurors Fairley and Graves. There was no objection made to the strike of juror Fairley; therefore, no reason for the strike was offered. Petitioner has not shown that the Mississippi Supreme Court improperly reviewed the record to determine whether there was a valid, race-neutral reason for the strike. In discussing the strike against juror Graves, this Court noted that the alleged similarly situated white venire members had stronger pro-death penalty opinions than did Graves. While Petitioner is correct in that this was not a reason cited by the prosecutor, it was also not the basis for finding that Petitioner had not demonstrated the challenge was not race-neutral. The Court's opinion found that Petitioner had not demonstrated that the reasons offered by the prosecutor were pretextual.

In its opinion denying the petition, the Court also noted that the prosecutor gave multiple race-neutral reasons for each of the strikes exercised in this case. The defense offered nothing to rebut the additional race-neutral reasons. The discrepancies were not brought to the attention of the trial judge, who found no error and denied the motion. Because there was nothing offered to rebut the additional race-neutral reasons, the acceptance of those facially valid reasons was not unreasonable. *See Haynes v. Quarterman*, 526 F.3d 189, 200 (5th Cir. 2008). Therefore, the trial court's determination has support in the record. *Snyder v. Louisiana*, 522 U.S. 472, 477 (2008) ("[A] trial court's ruling on the issue of discriminatory intent must be sustained unless it is clearly

erroneous.").

Petitioner has failed to rebut by clear and convincing evidence the factual determination that the strikes were not racially motivated, nor has he shown that the decision that the prosecutor did not purposefully discriminate on the basis of race was an unreasonable application of clearly established federal law or involved an unreasonable determination of facts in light of the evidence presented. The Court declines to amend its judgment on this issue.

As to the remaining claims in the motion to amend the judgment, the Court finds that the motion seeks to relitigate the issues this Court has previously resolved. Therefore, Petitioner's motion to alter or amend the judgment in this case pursuant to Fed. R. Civ. P. 59 is **DENIED**.

**SO ORDERED** this the 2nd day of March, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE